Date signed December 12, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| WALID I. OBEID | : | Case No. 08-19917PM |
| NINA W. OBEID | : | Chapter 13 |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| WALID I. OBEID | : | |
| NINA W. OBEID | : | |
| Movants | : | |
| vs. | : | |
| | : | |
| SUNTRUST BANK | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

The Debtors filed a Motion (#15) to avoid the secondary lien held by SunTrust Bank ("SunTrust") on their principal residence located at 11003 Beall Place, Laurel, Maryland. They contend that SunTrust's lien is wholly unsecured and should be avoided if their Chapter 13 Plan is confirmed, and they make all payments required thereunder. SunTrust opposed the Motion, and the matter came on for hearing before the court on December 4, 2008. The parties stipulated that the value of the residence is $254,000.00 and that the amount owing the senior lienholder, whose claim is serviced by Countrywide Home Loan Servicing, LP, is $261,202.00.

The procedure in this court for avoidance of this type of lien is found in Local Bankruptcy Rule 3012-1. Local Bankruptcy Form G found in the Appendix to the Local Rules is

the Notice form for such motions and Local Bankruptcy Form H is a form of Order granting the relief.

The authority given for the relief sought by the Debtors is the case of *Johnson v. Asset Management Group, LLC*, 226 B.R. 364 (D. Md. 1998).  The essence of the Motion is that the *Johnson* case's holding that the Debtors may strip off a junior lien that is wholly unsecured due to the fact that the senior lienholder's claim exceeds the value of Debtors' residence is in error. This case involves two sections of the Bankruptcy Code, 11 U.S.C. § 506(a)(1)[1] and 11 U.S.C. § 1322(b)(2).[2]

SunTrust relies upon the case of *Nobleman v. American Savings Bank*, 508 U.S. 324 (1993), and particularly the concurring opinion of Justice Stevens.[3]  The court finds the arguments of SunTrust wholly without merit.  In *Nobleman*, American Savings Bank filed a proof of claim for $71,335.00.  The Noblemans modified Chapter 13 Plan valued their residence at $23,500.00.  This valuation was uncontroverted.  The Noblemans' Plan proposed to treat the remainder of the claim as unsecured and, under their Plan, unsecured creditors received nothing.

---

[1]  § 506.  Determination of secured status

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

[2]  § 1322. Contents of plan

(b) Subject to subsections (a) and (c) of this section, the plan may–

> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

[3]  SunTrust's effort to find comfort in the concurring opinion of Justice Stevens in *Nobleman* with respect to the bifurcation issue is misplaced. While joining in the opinion and judgment, he observed that at first blush it seemed strange that the Bankruptcy Code provided less protection to homeowners than owners of other assets. At the time *Nobleman* was decided, unlike senior liens on their residences, debtors could strip down motor vehicle loans.

The Supreme Court concluded its opinion in *Nobleman* by saying:

> In other words, to give effect to § 506(a)'s valuation and bifurcation of secured claims through a Chapter 13 plan in the manner petitioners propose would require a modification of the rights of the holder of the security interest. Section 1322(b)(2) prohibits such a modification where, as here, the lender's claim is secured only by a lien on the debtor's principal residence.

*Nobleman* at 332.  The Obeids take no issue with this proposition.  Judge Garbis' clearly reasoned *Johnson* opinion, points out that where more than one lien exists, the junior lienholder risks being unsecured and, further, that the unsecured junior lienholder has no "'right' to be treated more favorably in bankruptcy than in foreclosure."  *Johnson* at 369.

While there is no Fourth Circuit case on this issue, overwhelming authority supports the proposition stated in the *Johnson* case.[4]  In the case of *In re Pond*, 252 F.3d 122, 127 (CA2 2001), the Second Circuit concluded that the mortgagee's lien is not secured under 11 U.S.C. § 506(a) because there was insufficient equity to cover any portion of that lien.  Thus, the junior lienholders were not the holders of a claim secured only by a security interest in the debtor's principal residence and therefore not protected under the anti-modification exception of 11 U.S.C. § 1322(b)(2).  The court considered the *Nobleman* decision and concluded that the anti-modification exception applied only where a creditor's claim is at least partially secured under 11 U.S.C. § 506(a).  *Id*. at 125.

In the case of *In re McDonald*, 205 F.3d 606 (CA3 2000), the Third Circuit likewise confronted the issues presented by the *Nobleman* case and 11 U.S.C. §§ 506(a) and 1322(b)(2) and observed that its holding would not make holders of wholly unsecured residential mortgages worse off following foreclosure.  It concluded that a wholly unsecured mortgage is not subject to the anti-modification exception clause of 11 U.S.C. § 1322(b)(2).

In the case of *In re Bartee*, 212 F.3d 277, 290-291 (CA5 2000), the Fifth Circuit addressed this issue, reviewing the *Nobleman* case that had been decided by that Circuit.  It found no tension between the valuation and claim determination provisions of 11 U.S.C. § 506(a) and the anti-modification exception of 11 U.S.C. § 1322(b)(2).  It similarly concluded

---

[4] Some idea of the near-universality of support for the Debtors' position may be obtained from a review of Appendix M to the treatise, KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, 3d ed. 2007, entitled "Wholly Unsecured Mortgage and Modification, Organized by Circuit."  Judge Lundin details the breadth of these holdings supporting by district and circuit.

that a wholly unsecured lien is not subject to the anti-modification exception clause in 11 U.S.C. § 1322(b)(2).

In the case of *In re Lane*, 280 F.3d 663 (CA6 2002), the Sixth Circuit reversed the District Court's affirmance of the Bankruptcy Court's ruling that denied confirmation of a plan that sought to modify the rights of a creditor who was the holder of a lien that was in a secondary position to a first mortgagee to whom was due a sum in excess of the value of the residence. It likewise analyzed the *Nobleman* decision and declined to afford lienholders asserting wholly unsecured and valueless claims the protection of the anti-modification exception clause of 11 U.S.C. § 1322(b)(2). It concluded that "if a claimant's lien on the debtor's homestead has no value at all, . . . , the claimant holds an 'unsecured claim' and the claimant's contractual rights are subject to modification by the plan." *Id.* at 669.

In the case of *In re Tanner*, 217 F.3d 1357 (CA11 2000), the Eleventh Circuit had before it an appeal from the dismissal of an action to "strip off" a wholly unsecured junior lien. It likewise analyzed the interrelation of the provisions of 11 U.S.C. §§ 506(a) and 1322(b)(2) and noted that the holding in the *Nobleman* decision was limited to prohibiting a Chapter 13 debtor from relying on 11 U.S.C. § 506(a) to reduce an undersecured homestead mortgage to the fair market value of the residence. *Id*. at 1358. However, the court noted that the *Nobleman* case left open the issue in the appeal before it – namely whether the Supreme Court's holding extended to wholly unsecured homestead mortgages. *Id*. at 1358. Relying upon the holdings in *Bartee* and *McDonald*, the Eleventh Circuit concluded that the "better reading of sections 506(a) and 1322(b)(2), therefore, protects only mortgages that are secured by some existing equity in the debtor's principal residence." *Id*. at 1360. *See also, Domestic Bank v. Mann (In re Mann)*, 249 B.R. 831, 840 (BAP CA1 2000).

In the case of *In re Zimmer*, 313 F.3d 1220 (CA9 2002), the Ninth Circuit quoted the *Johnson* case with approval, as well as the *Lane, Pond, Bartee, Tanner* and *Mann* cases, and concluded that the District Court erred in holding that a wholly unsecured lien is protected by the anti-modification exception clause of 11 U.S.C. § 1322(b)(2).

An appropriate order will be entered.

cc:   Debtors
      Debtors' Counsel
      SunTrust Bank
      SunTrust Bank's Counsel
      Chapter 13 Trustee

**End of Memorandum**